ROBERT BARNES et al., Plaintiffs, *v.* THE SOUTHFIELD BEACH RAILROAD COMPANY et al., Defendants.

SARAH H. BARNES et al., Plaintiffs, *v.* SOUTHFIELD BEACH RAILROAD COMPANY et al., Defendants.*

(Supreme Court, Richmond Special Term, October, 1909.)

Cancellation of written instruments — Grounds of action — Non-performance or mutual abandonment of contract.

Determination of conflicting claims to real property — What constitutes cloud on title — General rules.

Release — Interpretation, scope and effect — Conditions.

Where, in an action to foreclose a mortgage, the answer alleges, and it is found as a fact, that after the execution of the bond and mortgage a portion of the premises was conveyed by the mortgagors and that thereafter the mortgagees executed a release of the lien of their mortgage upon said portion upon condition that, in case a railroad was not constructed and in operation on the property by a certain date and in case said premises were used for other than railroad purposes, the release should become ineffective, a breach of the condition is predicable either upon failure to construct the railroad by the specified date, or upon the use of the property for other than railroad purposes; and upon such breach the premises released become a part of the mortgaged premises and subject to the lien of the mortgage as if the release had not been made.

The compulsion being upon the railroad company to build a railroad within the time specified and to use the premises for railroad purposes, by the above construction the conjunction "and" in the condition has its full office, and full effect is given to both clauses of the condition; and stating the condition in the negative form does not necessitate a different interpretation.

An action to have the release declared null and void and that the premises be adjudged to be a part of the mortgaged premises was not necessary to enforce the forfeiture, as upon breach of the condition the released land fell at once under the lien of the mortgage, subject to the waiver of the breach at the option of those entitled to enforce the condition.

The action to have the release declared null and void was notice to the railroad company that breach was claimed and forfeiture

---

* Received too late for insertion in proper place. Affirmed by Appellate Division on this opinion.—[Rep.

demanded and estopped it from asserting a waiver of the breach; but the commencement of such an action did not furnish ground for maintaining the same, and the complaint should be dismissed, with costs.

In the foreclosure action the plaintiffs are entitled to a decree embracing the land in question which will be ordered sold after the other land covered by the mortgage, if necessary.

ACTION to vacate a release of part of mortgaged premises. Action to release a mortgage on real property in which the answer set up a release of part of the premises upon certain conditions.

Stuart G. Gibboney, for plaintiffs.

Joline, Larkin & Rathbone, for defendants.

THOMAS, J.    The release is upon condition subsequent, and by its terms the condition is broken " in case a railroad is not constructed and in operation " on the property " by June 15, 1901, and in case said premises are used for other than railroad purposes." Upon breach the premises released become a part of the mortgaged premises and subject to the lien of the mortgage as if the release had not been made. Has there been a breach of the condition? The railroad was not constructed on the premises by June 15, 1901, nor was there such construction and operation until August 10, 1901, but the property has not been used for other than railroad purposes. I think that the breach is predicable upon the failure to construct by June fifteen, or upon the use of the property for other than railroad purposes. Otherwise the release would be operative, if the construction and operation of the railroad had been indefinitely delayed, or had never been constructed, provided the land were not used for other than railroad purposes. I think that the meaning is that the release shall continue effective provided the railroad should be constructed and operated by June 15, 1901, and thereafter the land be used only for railroad purposes. Both happenings were necessary to keep in life the release, and a failure in either regard would cause it to cease. The com-

pulsion upon the company was to build a railroad within the time and to use it for railroad purposes. Thus the conjunction "and" has its full office, and full effect is given to both clauses. The statement of the condition in the negative form does not necessitate different interpretation. After the failure to construct within the time the plaintiffs promptly asserted the breach by bringing the first of the above actions, and after the cause of action upon the mortgage arose they by action asserted its lien upon the premises released. The defendant is not excused by the delays caused by litigation. I do not understand that all the litigation related to the premises in question, but in any case trifling work was done before May, 1901, whereas a timely beginning of the work at an earlier period, so far as appears, would have enabled it to dispose of such interference and thereby perform the condition. Between May and August, 1901, the company was able to meet all difficulties and construct the road. Therefore, the company between the date of the release and June 15, 1901, could have done the same. The more serious question relates to the right to maintain the action to have the release declared null and void and that the premises be adjudged to be a part of the mortgaged premises. Such an action has something of the nature of an action to enforce entry upon land upon breach of condition, but as the instrument did not create an estate in the railroad company, and the plaintiffs had no right of possession or enjoyment of the premises, the analogy is remote. Moreover, an action was not necessary to enforce the forfeiture, as upon the breach of the condition the released land fell at once under the lien of the mortgage, subject to waiver of the breach at the option of those entitled to enforcement. But the action was notice to the railroad company that breach was claimed and forfeiture demanded, and was a sure means of estopping the railroad company from justly asserting, what it now asserts, that the plaintiffs waived the breach. But the fact that the commencement of the action had such effect does not furnish ground for maintaining the action, and I do not perceive upon what theory a decree may be directed for the plaintiffs. The decree could give them nothing they do not already have

of right; it removes no cloud from, nor claim to, property to the possession of which they are entitled, or of which they have right of enjoyment; it is unnecessary for the purpose of reattaching the lien of the mortgage; it adds nothing to the strength of the lien. The lien reattached *ipso facto* upon the defendant's default, and awaited enforcement if occasion therefor occurred. Therefore, the action to vacate the release has no function save as it is a declaration of forfeiture which is unnecessary and the complaint should be dismissed with costs. In the foreclosure proceedings the plaintiffs are entitled to a decree embracing the land in question, which will be sold after the other land covered by the mortgage, if necessary. Costs to plaintiff.

Judgment accordingly.